United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AUSTEN SHWIYHAT,

Plaintiff,

v.

MARTIN MARIETTA MATERIALS, INC.,

Defendant.

Case No. 24-cv-08815-RS

**ORDER DENYING MOTION FOR LEAVE TO AMEND**

Pursuant to Civil Local Rule 7-1(b), plaintiff Austen Shwiyhat's motion for leave to file an amended complaint is suitable for disposition without oral argument and the hearing set for June 26, 2025, is vacated. The motion will be denied.

Shwiyhat filed this action against his former employer, defendant Martin Marietta Materials, Inc., alleging various employment discrimination-related claims including harassment, retaliation, and wrongful termination. Shwiyhat was employed by Martin Marietta as a "plant operator" beginning in October 2021, when Martin Marietta acquired the business of Shwiyhat's former employer, Lehigh Hanson, Inc. Shwiyhat had been working for Lehigh Hanson since earlier in 2021. It is unclear whether Shwiyhat seeks to hold Martin Marietta liable for any events that may have taken place when he was a Lehigh Hanson employee.

Shwiyhat contends he was not provided timely lunch breaks during his employment, and that supervisors' assurances he would be compensated with meal break penalty payments proved untrue. Instead, timecards and time clocks allegedly were manipulated to conceal the violations.

United States District Court
Northern District of California

1    Shwiyhat further alleges two specific supervisors created a hostile work environment

2    through inappropriate and derogatory comments, and by manipulating work schedules to favor

3    some employees over others. In early 2022, Shwiyhat "was sexually assaulted at work when a

4    coworker struck him in the genitals."  The company allegedly did not respond appropriately to

5    Shwiyhat's report of the assault and other unlawful workplace conditions. Shwiyhat instead

6    experienced increased hostility from his supervisors and other retaliation.

7    On July 5, 2022, Shwiyhat was unable to "lock out" certain equipment properly because of

8    a broken lock. Later the same day, he followed a supervisor's instruction to "lock out" only a

9    specific conveyor belt without locking out additional interconnected equipment. Shortly thereafter,

10   Shwiyhat was summoned to a supervisor's office and questioned about his lockout procedures.

11   Shwiyhat was then suspended and ultimately terminated for allegedly violating the company's

12   "Lockout/Tagout" policy.

13   Shwiyhat now seeks leave to file an amended complaint. The proposed amended complaint

14   does not substantially alter the allegations pertaining to Shwiyhat or the claims he is asserting,

15   except for the addition of a paragraph describing further physical assaults by coworkers that

16   supervisors and the company failed to stop.

17   The primary change in the proposed amended complaint is the addition of a new plaintiff,

18   Reyes De La Torre, also a former Martin Marietta employee. De La Torre had worked for Lehigh

19   Hansen for a longer time than Shwiyhat. De La Torre allegedly suffered from the same hostile

20   work environment as Shwiyhat. He was subjected to the same comments and treatment from

21   supervisors, and similar physical assaults from coworkers. De La Torre does not allege that he

22   experienced a specific genital punch that he reported to the company, and the proposed amended

23   complaint's allegations of retaliation focus on Shwiyhat.

24   De La Torre was not expressly terminated by Martin Marietta. Instead, he alleges that as at

25   some unspecified time the workplace environment became intolerable, and he was forced to

26   resign. Accordingly, he asserts a claim for constructive discharge.

27   Notwithstanding the general policy to grant motions for leave to amend with liberality,

28

United States District Court
Northern District of California

1  Shwiyhat has not shown the circumstances here warrant the proposed amendment. The primary

2  purpose of liberally allowing amendment is to ensure matters are decided on the merits. Denial of

3  this motion in no way prejudices either Shwiyhat's or De La Torre's rights or ability to obtain

4  determinations of their respective claims on the merits.

5  Shwiyhat may be correct that he and De La Torre could have properly filed a complaint

6  jointly pursuant to Rule 20(a)(1) of the Federal Rules of Civil Procedure, which provides for

7  permissive joinder of plaintiffs in specified circumstances. Rule 20, however, also permits for

8  severance to avoid prejudice. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir.

9  2000) (affirming severance of individual plaintiffs pursuing employment claims against common

10  employer, despite proper permissive joinder in original complaint). Had Shwiyhat and De La

11  Torre filed jointly from the outset, a similar severance likely would be warranted here.

12  Finally, had De La Torre simply filed a separate complaint and the question was whether

13  the two cases should be related under Civil Local Rule 3-12, it likely would be determined that the

14  cases should <u>not</u> be deemed related. The fact that two plaintiffs are bringing similar claims against

15  the same defendant does not satisfy the requirement of Rule 3-12 (1) that the actions "concern

16  substantially the same parties, property, transaction, or event."  Even if that were not so, relating

17  the cases would be unwarranted under the condition specified in Rule 3-12 (2): "It appears likely

18  that there will be an unduly burdensome duplication of labor and expense or conflicting results if

19  the cases are conducted before different Judges." The fact that the respective claims of Shwiyhat

20  and De La Torre would not even be deemed related under the local rules further supports the

21  conclusion that permitting an amendment to join them now is unwarranted.[1]

22  The motion is denied, without prejudice to any revised amended complaint that

23  incorporates the additional factual allegations related to Shwiyhat appearing in the current

24  proposed amended complaint. Although amendment may not be necessary because those

25

26  [1] That said, in the event De La Torre files a separate action, nothing will preclude the parties from
reaching agreement to coordinate discovery, particularly with respect to any facts and witnesses

27  that may overlap. Indeed, such cooperation would be strongly encouraged.

28

additional factual details are likely merely further evidentiary support for the existing claims and need not be expressly pleaded, Martin Marietta would be expected to stipulate to the filing of an amended complaint that omits De La Torre and does not otherwise go beyond the proposed amended complaint submitted with the current motion.

**IT IS SO ORDERED**.

Dated: June 20, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California